| | |
|---|---|
| Shawn Michael Robinson,<br><br>                        Plaintiff,<br>vs.<br><br>Holly Scaturo, Director; Ms. Kimberly Poholchuk, B.M.C. Program Director; Ms. Cynthia Helff, B.M.C.; Dr. Kelly Gothard, Psychologist; Dr. Gordon E. Brown, Chief Psychologist; Dr. Rozanna Tross, Psychologist; Dr. Amy Swan, Psychiatrist; Ms. Marie Gehle, Evaluator; Dr. Donna Schwartz-Watts, Psychologist; Capt. Frank Abney, P.S.O. Supervisor; Mr. Galen Sanders, Chief Nursing Administrator; Mr. Harold Alexander, R.N.; Ms. Charlene Hickman, R.N.; Dr. John McGill, Director of Department of Mental Health; and Mr. Allen Wilson, Attorney General,<br><br>                       Defendants. | Civil Action No. 1:16-2311-BHH<br><br>**OPINION AND ORDER** |

Shawn Michael Robinson ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Holly Scaturo, Director, Ms. Kimberly Poholchuk, B.M.C. Program Director, Ms. Cynthia Helff, B.M.C., Dr. Kelly Gothard, Psychologist, Dr. Gordon E. Brown, Chief Psychologist, Dr. Rozanna Tross, Psychologist, Dr. Amy Swan, Psychiatrist, Ms. Marie Gehle, Evaluator, Dr. Donna Schwartz-Watts, Psychologist, Capt. Frank Abney, P.S.O. Supervisor, Mr. Galen Sanders, Chief Nursing Administrator, Mr. Harold Alexander, R.N., Ms. Charlene Hickman, R.N., Dr. John McGill, Director of Department of Mental Health, and Mr. Allen Wilson, Attorney General ("Defendants"), alleging several violations of his constitutional

1

rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Hodges recommends that the Court grant Defendants' motion for summary judgment (ECF No. 52), Defendant Swan's motion to dismiss (ECF No. 30), and Defendants McGill and Wilson's motion to dismiss (ECF No. 34). The Report (ECF No. 65) sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

Plaintiff filed an objection (ECF No. 67) to the Report, which the Court has carefully reviewed. The filing fails to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations that Defendants are entitled to summary judgment on, and/or dismissal of, Plaintiff's numerous claims. Rather, Plaintiff references several other cases pending in this District against some of the same Defendants, and states that "Plaintiff is seeking to dismiss without prejudice pending the outcome of these cases." (ECF No. 67.) Plaintiff's one page objections are utterly nonspecific and do not invoke *de novo* review. After reviewing the record, the Court find that the Report and accurately summarizes the facts, applies the correct principles of law, and evinces no clear error. The Court agrees with the analysis of the Magistrate Judge, and hereby overrules Plaintiff's objections, which are without merit.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report. Accordingly, Defendants' motion for summary judgment (ECF No. 52) is GRANTED, Defendant Swan's motion to dismiss (ECF No. 30) is GRANTED, and Defendants McGill and Wilson's motion to dismiss (ECF No. 34) is GRANTED.

**IT IS SO ORDERED.**

                                        /s/ Bruce Howe Hendricks
                                        United States District Judge

June 16, 2017
Greenville, South Carolina